1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT
9                  FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   ISMAEL ROSALES ANICETO,                 No.  2:13-cv-1819 KJN P
12              Petitioner,
13        v.                                 ORDER
14   WARDEN FOULK,
15              Respondent.
16
17        Petitioner is a state prisoner proceeding without counsel.  On September 3, 2013,
18   petitioner, assisted by another inmate, filed a request for appointment of counsel.  Petitioner
19   claims that he suffers from a language barrier because he cannot speak English.  Petitioner speaks
20   only Spanish.  Petitioner did not attend school in the United States, and has had no legal studies in
21   or outside prison.  Although petitioner can access the law library, all of the materials are written
22   in English, which petitioner cannot read, and the inmates who could help petitioner with his case
23   cannot speak Spanish.  Petitioner states that his language barrier prevents him from gaining any
24   understanding of the legal system to help himself, and prevents him from filing his federal
25   petition.
26        On March 4, 2011, petitioner was convicted of attempted murder, allowing another to
27   shoot from a car, active participation in a criminal street gang, and assault with a firearm, and
28   various enhancements were found true.  (ECF No. 1 at 2.)  On September 1, 2011, petitioner was

1

1  sentenced on count four to the middle term of three years, plus ten years for the gang

2  enhancement, and four years for the gun enhancement.  (ECF No. 1 at 21.)  Petitioner was then

3  sentenced to a consecutive term on count one to life in prison, with a minimum period of parole

4  of 7 years, plus twenty years for the gun enhancement.  No punishment was imposed for the gun

5  enhancement.  Sentencing for counts two and three were stayed.  (Id.)

6  Petitioner filed an appeal in the California Court of Appeal for the Third Appellate

7  District, raising four claims:  1) introduction of evidence that petitioner claimed a gang during the

8  booking interview violated his constitutional rights against self-incrimination and to due process

9  of law; 2) the natural and probable consequence theory of aiding and abetting liability is

10  inapplicable because there is no evidence showing that the actual shooter (Paniagua) participated

11  in the target offense of assault; 3) there was insufficient evidence to support a finding that the

12  attempted murder was the natural and probable consequence of the earlier assault; and 4) the trial

13  court erred by imposing two enhancements for a single criminal event.  (ECF No. 1 at 24 - 65.)

14  The Court of Appeals found that the trial court erred in imposing two enhancements for

15  the same criminal offense; thus, one enhancement should be stricken, and the case was remanded

16  for re-sentencing.  People v. Aniceto, 2013 WL 1174562 (Cal. App. 3 Dist., March 22, 2013).

17  The Court of Appeals affirmed petitioner's conviction in all other respects.

18  Petitioner's filing does not reflect how or whether his sentence was revised by the San

19  Joaquin County Superior Court following petitioner's appeal.

20  Petitioner filed a petition for review in the California Supreme Court, which was denied

21  on June 12, 2013.  (ECF No. 1 at 69.)

22  Here, petitioner seeks to file an application for writ of habeas corpus pursuant to 28

23  U.S.C. § 2254.  Petitioner has not filed a petition or paid the filing fee or submitted an application

24  to proceed in forma pauperis.  In order to commence an action, petitioner must file a petition for

25  writ of habeas corpus as required by Rule 3 of the Rules Governing Section 2254 cases, and

26  petitioner must either pay the required filing fee or file an application requesting leave to proceed

27  in forma pauperis.  See 28 U.S.C. §§ 1914(a), 1915(a).

28  ////

2

However, in light of the complexity of the legal issues involved, as well as petitioner's unique circumstances, the court has determined that the interests of justice require appointment of counsel.  See 18 U.S.C. § 3006A(a)(2)(B); see also Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Inasmuch as there is no petition on file, and the statute of limitations period continues to run,[1] counsel shall file a petition for writ of habeas corpus forthwith, but in no event later than thirty days from the date of this order, and advise the court whether additional time is required, i.e., to seek leave to amend petitioner's claims, prior to service on respondent.  The undersigned expressly makes no finding as to the timeliness of petitioner's federal petition, which has not yet been filed.  The Clerk of the Court is directed to send petitioner an application to proceed in forma pauperis, which petitioner shall complete and file within thirty days.

Accordingly, IT IS HEREBY ORDERED that:

1. The Federal Defender is appointed to represent petitioner.

2. The Clerk of the Court is directed to serve a copy of the September 3, 2013 motion and this order on David Porter, Assistant Federal Defender.

3. Counsel shall file a petition for writ of habeas corpus no later than thirty days from the date of this order, and advise the court whether additional time is required prior to service on respondent.

4. Petitioner shall submit, within thirty days from the date of this order, an affidavit in support of his request to proceed in forma pauperis on the form provided, or the $5.00 filing fee.

////

////

////

////

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to this action, and imposes a one year statute of limitations on the filing of federal habeas petitions.  28 U.S.C. § 2244.  The AEDPA contains no statutory tolling provision for the pendency of a federal civil rights lawsuit.  Indeed, the filing of a federal habeas petition does not toll the limitations period under 28 U.S.C. § 2244(d)(2).  Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

3

1        5.  The Clerk of the Court is directed to send petitioner an Application to Proceed In

2    Forma Pauperis By a Prisoner, at his address of record in Susanville, California.

3    Dated:  September 9, 2013

4    

5    KENDALL J. NEWMAN
     UNITED STATES MAGISTRATE JUDGE

6    anic1819..110a

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28