UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISMAEL ROSALES ANICETO, | No. 2:13-cv-1819 KJN P |
| Petitioner, | |
| v. | ORDER |
| FRED FOULK, | |
| Respondent. | |

Petitioner is a state prisoner proceeding through counsel with a petition for writ of habeas corpus. On September 13, 2013, petitioner consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). On October 3, 2013, respondent consented to proceed before the undersigned for all purposes. (ECF No. 10.)

On January 7, 2014, newly-assigned counsel for respondent filed a form attempting to decline the jurisdiction of the undersigned. (ECF No. 19.)

"The right to adjudication before an Article III judge is an important constitutional right. However, this right, like other fundamental rights, can be waived" pursuant to the consent of the parties under 28 U.S.C. § 636(c). United States v. Neville, 985 F.2d 992, 999 (9th Cir.1993) (citations omitted); Dixon v. Ylst, 990 F.2d 478, 479-80 (9th Cir. 1993). Significantly, "there is no absolute right to withdraw consent once granted." Neville, 985 F.2d at 999. Rather, a request to withdraw consent will be granted only upon a showing of good cause or extraordinary

1

1  circumstances. See 28 U.S.C. § 636(c)(4) ("The court may, for good cause shown on its own
2  motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil
3  matter to a magistrate judge under this subsection"). These requirements are strictly construed.
4  See, e.g., Brook, Weiner, Sered, Kreger & Weinberg v. Coreq, Inc., 53 F.3d 851, 852 (7th Cir.
5  1995) (party's legal successor bound by party's consent to jurisdiction of magistrate judge).
6      Here, counsel for respondent simply signed a court form, and did not show good cause for
7  the reassignment request.  It is unclear whether newly-assigned counsel was aware that the
8  previously-assigned counsel had consented to the jurisdiction of the undersigned.   Accordingly,
9  the decline to consent form is disregarded, and the Clerk of the Court is directed to remove the
10 district judge assignment.
11     Accordingly, IT IS HEREBY ORDERED that:
12     1.  The January 7, 2014 decline to consent form (ECF No. 19) is disregarded; and
13     2.  The Clerk of the Court is directed to remove the district judge assignment.
14 Dated:  January 15, 2014

16 /anic1819.dec

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

2